J. W. RUTHERFORD v. DORCAS FRENCH ET AL.

(No. 2899.)

PRE-EMPTION CLAIM.— Patent is evidence of title.

APPEAL from Denton county. Opinion by WATTS, J.

STATEMENT.— The appellees as heirs and assignees of B. F. Donaldson, deceased, brought this suit against appellant on the 27th day of December, 1873, for the land described in the petition, alleging that B. F. Donaldson died intestate in 1860; that they were his heirs, except appellee, Serve, who was an assignee of one of the heirs; that in 1864 one J. B. Lafour was a *bona fide* settler upon the land in controversy, which was then vacant public domain; that he made the affidavit required by law, and afterwards, to wit, March 22, 1854, caused the same to be surveyed and the field-notes recorded and forwarded to the general land office; that he continued to occupy, cultivate and improve the same and pay the taxes thereon until 1858. On the 19th day of May, 1857, Lafour made application for a certificate to the chief justice of Denton county, and made proof of the occupancy, improvement, etc., as required by law by two citizens; the

certificate was granted by the chief justice for the same; that the same was forwarded to, and filed in, the general land office. In 1858 Lafour sold and conveyed the land to B. F. Donaldson, who occupied the same for two years and died in 1860; that appellant was claiming the land by virtue of a patent which was issued September 5, 1871; that it was procured by the fraud of appellant, asking that the same be canceled, etc.

Appellant answered by general demurrer and general denial. The case was tried without a jury May 6, 1875, and judgment was rendered for appellees and the appellant appealed. Owing to the view we take of the case it is not necessary to notice the assignment of errors.

OPINION.— The appellees introduced evidence in the court below showing the facts as alleged in the petition as to the settlement, occupancy and improvement of the land by Lafour and the payment of the taxes by him, and a full compliance with the law by him for more than three years; his sale and transfer to Donaldson in 1858, the latter's occupancy and death in 1860, and the heirship of appellees. No patent had ever issued by virtue of this claim of preemption. The appellant introduced in evidence a patent for the land issued to Patrick O'Leary, dated September 5, 1871, and it was admitted that appellant held under a regular chain of transfer from O'Leary. There is no evidence in the record showing when or at what time the location was made by O'Leary or when his equities attached to the land.

The patent was evidence of title, and it was incumbent upon appellees to rebut the same by showing prior equities to those that eventuated in the patent. Washburn on Real Property, vol. 3, p. 175; Todd v. Fisher, 26 Tex., 241; The State v. Galveston City Co., 38 Tex., 31.

. For aught that appears in the record the O'Leary location may have been made long prior to the settlement upon the land by Lafour. And as the burden was upon the

appellees to avoid the force and effect of the O'Leary patent and the pre-emption or right arising therefrom, we are of the opinion that they must show that their equities, arising from the settlement and occupancy of Lafour, were prior in point of time to the inception of O'Leary's equities that were perfected in the issuance of the patent.

We are of the opinion that the judgment is not sustained by the evidence and should be reversed and the cause remanded.